Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### NEW YORK CITY CAR ADVERTISING CO. v. GLOBE LITHO-GRAPHIC CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. APPEAL AND ERROR (§ 882*).— QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

A party to a written contract, who first offered parol evidence of the custom of the trade to which the contract related, and who made no objection to the rebuttal evidence of the adverse party, could not, on appeal, complain that the evidence of custom was inadmissible, as varying the written contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3597; Dec. Dig. § 882.*]

2. SALES (§ 52*)—CONTRACTS—PASSING OF TITLE—EVIDENCE.

Evidence *held* to support a finding that plates engraved specially for a customer did not, after the completion of the work, remain the property of the manufacturer, but became the property of the customer.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the New York City Car Advertising Company against the Globe Lithographic Company. From a judgment for plaintiff after a trial before the court without a jury, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Kearny & Davis, for appellant.
Einstein, Townsend & Guiterman (M. S. Guiterman, of counsel), for respondent.

GIEGERICH, J. The action is in replevin to recover certain plates used in printing advertising signs displayed in street cars. The signs were made by the defendant for Samuel M. Frank, who carried on business under the name and style of S. M. Frank & Co., and who hired from the plaintiff the spaces in the cars in which these signs were placed. Frank assigned all his right, title, and interest in the plates to the plaintiff, which demanded from the defendant the return of the plates, which was refused.

The plaintiff claims that the plates became the property of its assignor by virtue of an express agreement made by it for them with the defendant. The defendant, on the other hand, relies upon a claim printed on its letter heads:

"All plates and stones remain the property of the Globe Lithographing Co., unless otherwise specified."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff, in support of his contention that it was "otherwise specified" by the parties, called Mr. House, a former manager of the plaintiff, as a witness, who testified that, soon after the commencement of the relations between the plaintiff and defendant, this question as to the return of the plates to the plaintiff's customers came up; that the above phrase at the top of the defendant's letter head was discussed, and "the crux of the conversation was that the plates should be returned to the customers if they requested that they should be returned." Mr. Gardner, the manager of the defendant, denied that he had ever waived the general provision. He said he told Mr. House that the plates, after the printing was done, remained the property of the defendant, but for convenience he might deliver some of the plates to the customers.

Another disputed question of fact upon the trial was whether by the general custom of the printing trade the plates, which were engraved specially for a particular job, remained the property of the printer after the job was done, or whether they became the property of the customer. Two experts and Mr. Gardner, the manager of the defendant, testified that the general custom of the trade was that the plates remained the property of the printer. For the plaintiff, one expert testified that the general custom was that the plates belonged to the customer. Another expert, named Theophilus Speck, a printer of many years' experience, testified he was unable to say what the general custom of the trade was; but he stated, without objection by the defendant, that in his own business the plates belonged to the customers, whether it was specified or not.

The appellant claims that this evidence in regard to custom was improperly received, as it tended to vary the terms of a written contract. This contention cannot be allowed to prevail, however, because no objection was made upon the trial to the reception of the evidence. In fact, the defendant itself first introduced evidence upon this question, and the testimony of the plaintiff's experts was given only in rebuttal. Manifestly, under such circumstances, the defendant cannot be heard to complain now on this point. Bevins & Rogers' Appellate Court Practice, 74, and cases there cited.

We cannot agree with the appellant's claim that the judgment is in any respect contrary to the weight of evidence.

The judgment should therefore be affirmed, with costs. All concur.